IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned On Briefs January 11, 2005

## SUSAN HUTCHESON v. KRISTI BARTH, INDIVIDUALLY AND IN HER CAPACITY AS ADMINISTRATOR OF THE ESTATE OF RAYMOND WESLEY BARTH

**Direct Appeal from the Chancery Court for Knox County**
**No. 157011-2     Daryl R. Fansler, Judge**

---

**No. E2004-00970-COA-R3-CV  - FILED JANUARY 26, 2005**

---

The threshold issue presented in this appeal is whether the Plaintiff timely filed her notice of appeal so as to give this Court jurisdiction to hear this case. The trial court entered its order granting the Defendant's motion for summary judgment on January 15, 2004. This order adjudicated all the claims of the parties. On February 25, 2004, the Defendant filed a motion for contempt alleging non-performance of the order by the Plaintiff. On March 19, 2004, an agreed order awarding the Defendant pre-judgment interest was entered. The Defendant had not sought pre-judgment interest in her counter-complaint or in any subsequent pleadings. The Plaintiff filed a notice of appeal on April 19, 2004. We find that the notice of appeal was not filed within thirty days of entry of the judgment appealed from pursuant to Rule 4 of the Tennessee Rules of Appellate Procedure. Therefore, we dismiss this appeal because this court does not have jurisdiction to hear the issues in this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Cause Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, J., joined.

Ricky A.W. Curtis, Knoxville, Tennessee, for the Appellant.

Thomas R. Ramsey, III, Knoxville, Tennessee, for the Appellee.

### OPINION

On January 21, 2003, Susan Hutcheson ("Plaintiff") filed a complaint for declaratory judgment seeking a determination as to the ownership of vehicles and life insurance proceeds. The complaint specifically sought the following relief:

That upon hearing, the Court declare that the vehicles transferred *inter vivos* to the Plaintiff, Susan Hutcheson, are the sole property of the Plaintiff and that the Estate of Raymond Wesley Barth has no claim to the same.

That upon hearing, the Court declare that the life insurance proceeds are the sole property of the Plaintiff, Susan Hutcheson, the named beneficiary, and that the Defendant, Kristi Barth, individually, has no claim to the same.

For such other and general relief to which the Plaintiff may be entitled.

(Numbering in original omitted)

Kristi Barth, individually and in her capacity as Administrator of the Estate of Raymond Wesley Barth, ("Defendant") filed an answer to the complaint for declaratory judgment and a counter-complaint requesting the following relief:

That upon hearing, the Court declare that the *inter vivos* transfers were invalid transfers and are the sole property of the Estate of Raymond Wesley Barth and that Susan Hutcheson has no claim to same.

That upon hearing, the Court declare that the life insurance proceeds are the sole property of the [sic] Kristi Lee Barth, the named beneficiary and that the Counter-Defendant, Susan Hutcheson has no claim to same.

For such other and general relief to which the Counter-Plaintiff is entitled.

(Numbering in original omitted).

Defendant filed a motion for summary judgment. Thereafter, the parties agreed to waive a jury trial and submit the matter to the court for hearing upon the motion for summary judgment. The trial court granted Defendant's motion for summary judgment by order entered January 15, 2004. This order provided in pertinent part as follows:

The Defendant/Counter-Plaintiff, Kristi Barth is awarded Judgment in the amount of the life insurance proceeds from the Plaintiff/Counter-Defendant and a Constructive Trust is imposed on the life insurance proceeds and Kristi Barth, Defendant/Counter-

Plaintiff is granted possession of the personality [sic] as aforementioned as Administratrix of the Estate of Raymond Wesley Barth. Court costs are taxed to the Plaintiff/Counter-Defendant.

No further action was taken by either party until February 25, 2004, when Defendant filed a motion for contempt alleging that the Plaintiff had failed to comply with the court's order. The contempt matter was set for hearing on March 12, 2004. Thereafter, on March 19, 2004, an agreed order was entered providing in pertinent part as follows:

The Defendant/Counter-Plaintiff, Kristi Barth is entitled to pre-judgment interest at the statutory rate of ten percent per annum on the principle [sic] of $144,000.00, or the actual earnings by the principle [sic], whichever amount is greater, from the date the life insurance proceeds were transferred to the Plaintiff/Counter-Defendant, Susan Hutcheson.

The Plaintiff/Counter-Defendant, Susan Hutcheson, shall, within 14 days of the entry of this Order, provide Counsel for the Defendant/Counter-Plaintiff statements indicating the actual earnings earned by the principle [sic].

The Plaintiff/Counter-Defendant, Susan Hutcheson, shall pay all interest or earnings owed to the Defendant/Counter-Plaintiff within 30 days of the entry of this Order.

(Numbering in original omitted).

Plaintiff's notice of appeal, filed on April 19, 2003, stated that Plaintiff "tenders her Notice of her intent to appeal the Court's decision in the above-styled matter, which decision became ripe for appeal on March 19, 2004 by entry of an Order which disposed of all issues raised in the original pleadings."

The Defendant filed a motion in this court "to dismiss frivolous appeal" and alleged that judgment was entered against Plaintiff on January 15, 2004; that this judgment was not appealed; that Plaintiff refused to comply with the order; that Defendant filed a motion for contempt; that counsel for Plaintiff upon his own initiative drafted an agreed order resolving all issues surrounding payment of the funds; and that Plaintiff refused to comply with the terms established by the agreed order and filed an appeal on April 19, 2004.

In an appeal as of right to this Court, Rule 4 of the Tennessee Rules of Appellate Procedure provides that the notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." The notice of appeal

requirement is jurisdictional and mandatory in all civil cases.[1]  If the notice of appeal is not filed as required by Rule 4, an appellate court is without jurisdiction to hear the issues raised on the defective appeal.[2] This Court is not authorized to permit the extension of time for filing a notice of appeal.[3]

It is clear from a review of the record that the order granting Defendant's motion for summary judgment adjudicated all the claims of the parties. The order granting the motion for summary judgment granted Defendant all the relief she had sought in her counter-complaint. This order was clearly a final order. It was not an order that did not adjudicate all the claims of the parties as referred to in Rule 54.02 of the Tennessee Rules of Civil Procedure. The March 19, 2004 agreed order did grant the Defendant pre-judgment interest, but this relief had not been requested by the Defendant in her pleadings and was not a "claim" that the trial court failed to adjudicate. The January 15, 2004 order became final on February 15, 2004. The March 19, 2004 order which granted Defendant pre-judgment interest did not operate to deprive the January 15, 2004 order of its finality.  The notice of appeal would have been timely filed only as to the March 19, 2004 order, but the propriety of the agreed order awarding pre-judgment interest is not an issue Plaintiff raises on appeal.

Therefore, this Court is without jurisdiction to hear any issues raised by Plaintiff in this matter because the notice of appeal was not timely filed.  Because we have no appellate jurisdiction to consider the issues raised by the Plaintiff, this appeal is dismissed and the judgment of the trial court is affirmed.  Costs on appeal are taxed to the Appellant, Susan Hutcheson, and this case is remanded to the trial court for enforcement of the trial court's judgment and for collection of costs.


_____
SHARON G. LEE, JUDGE

---

[1] *Dewees v. Sweeney*, 947 S.W. 2d 861, 863 (Tenn. App. 1996).

[2] *Id*. at 864.

[3] Rule 21(b) of the Tennessee Rules of Appellate Procedure.