IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs January 18, 2006

## LARRY GRIGSBY v. UNIVERSITY OF TENNESSEE MEDICAL CENTER, ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 1-114-05     Dale C. Workman, Judge**

---

**No. E2005-01099-COA-R3-CV - FILED FEBRUARY 22, 2006**

---

In this *pro se* medical malpractice case, the issues on appeal are whether the Appellant, Larry Grigsby, timely filed a notice of appeal as regards Defendants Dr. Paul A. Hatcher and Dr. E. Jay Mounger, and whether the trial court correctly granted summary judgment to the University of Tennessee Medical Center ("UTMC"). We dismiss the appeal as to the Defendant doctors because we find that Mr. Grigsby did not comply with the jurisdictional requirement of Tenn. R. App. P. 4(a), mandating the timely filing of a notice of appeal. We affirm summary judgment in UTMC's favor because Mr. Grigsby proceeded solely on the vicarious liability theory of *respondeat superior*, pursuant to his allegations that Drs. Hatcher and Mounger were agents and/or employees of UTMC. Because the alleged agents have been exonerated by an adjudication of non-liability, and therefore the alleged principal, UTMC, may not be held vicariously liable, we affirm summary judgment in favor of UTMC.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL PICKENS FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

Larry Grigsby, *pro se* Appellant.

Stephen C. Daves and Jeffrey R. Thompson, Knoxville, Tennessee, for the Appellee, University of Tennessee Medical Center.

James H. London and Jason H. Long, Knoxville, Tennessee, for the Appellees, Paul A. Hatcher and E. Jay Mounger.

**OPINION**

## *I. Factual and Procedural Background*

On February 24, 2005, Mr. Grigsby filed his complaint in this action, alleging that the Defendants committed various acts of malpractice in the course of his medical treatment, resulting in injuries that included the loss of one of his kidneys. On March 10, 2005, UTMC filed a motion to dismiss, asserting that the complaint made no allegations of negligence specifically against UTMC, nor did it allege a deviation from the recognized standard of acceptable medical care as required by T.C.A. §29-26-115. UTMC further alleged that the complaint alleged facts "that cause this claim to be barred by the one year statute of limitations as found at T.C.A. §29-26-118." Mr. Grigsby filed a response in opposition to the motion to dismiss, supported by his own affidavit.

Drs. Hatcher and Mounger filed a motion for summary judgment, supported by the affidavit of Dr. Hatcher and Mr. Grigsby's medical records. On April 12, 2005, the trial court entered an order granting UTMC's motion to dismiss, holding that the complaint failed to state a claim upon which relief can be granted and dismissing the complaint as to UTMC pursuant to Tenn. R. Civ. P. 12.02(6). The trial court decreed in its order that "[t]here being no just reason for delay, it is expressly directed that final judgment be entered as to this defendant."

On May 6, 2005, Mr. Grisgby filed a notice of appeal with the trial court, stating in its entirety as follows: "Notice is hereby given that Larry Grigsby[,] plaintiff above named, here appeals to the Tennessee court of Appeals at Knoxville, Tennessee from the final judgment entered in this action the 10th day of March 2005" [sic].

Following a hearing on the matter, the trial court entered an order on June 28, 2005, granting summary judgment to Drs. Hatcher and Mounger. Mr. Grigsby did not file a notice of appeal regarding the summary judgment. However, Mr. Grigsby argues in his brief filed with this court that "the doctor defendants here were not entitled to summary judgment[.]" Drs. Hatcher and Mounger filed a motion to dismiss the appeal as to them, on grounds that Mr. Grigsby did not comply with Tenn. R. App. P. 4(a) and 3(f) by failing to timely file a notice of appeal designating that he sought relief from the summary judgment in their favor.

## *II. Issues Presented*

The issues presented for our determination are as follows:

1. Whether the appeal of summary judgment in favor of Drs. Hatcher and Mounger should be dismissed for failure to timely file a notice of appeal of the judgment.

2. Whether the trial court correctly granted UTMC's motion to dismiss Mr. Grigsby's complaint as to UTMC for failure to state a claim upon which relief can be granted.

### III. *Notice of Appeal*

The question of whether Mr. Grigsby's appeal of the summary judgment in favor of Drs. Hatcher and Mounger must be dismissed is governed by Tenn. R. App. P. 3(f) and 4(a). In a similar previous case, this court has noted that

> Tenn. R.App. P. 3(f) requires appellants to designate the "judgment from which relief is sought," and Tenn. R.App. P. 4(a) requires that notices of appeal must be "filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R.App. P. 3(f) limits the scope of appellate review to the judgment or order designated by the notice; *see Hall v. Hall,* 772 S.W.2d 432, 435-36 (Tenn.Ct.App.1989); while, Tenn. R.App. P. 4(a) establishes a mandatory, jurisdictional time limit for filing a notice of appeal that cannot be waived or extended. *See Jefferson v. Pneumo Servs. Corp.,* 699 S.W.2d 181, 184 (Tenn.Ct.App.1985); *John Barb, Inc. v. Underwriters at Lloyds of London,* 653 S.W.2d 422, 424 (Tenn.Ct.App.1983).

*Goad v. Pasipanodya*, No. 01A01-9509-CV-00426, 1997 WL 749462 at *2 (Tenn. Ct. App., M.S., filed Dec. 5, 1997). In *Goad*, the court held that where an appellant's notice of appeal identified only the trial court's June 19, 1995 order and not its March 17, 1995 order, Tenn. R. App. P. 3(f) limited his appeal to the June 19, 1995 order. *Id; see also Cox v. Shell,* No. W2004-01777-COA-R3-CV, 2005 WL 2860249 at *12 (Tenn. Ct. App., W.S., filed Oct. 31, 2005)("when a specific judgment or order is designated in the notice of appeal, Tenn. R.App. P. 3(f) limits the scope of appellate review to the judgment or order designated."); *Consolidated Waste Systems, LLC v. Metro Gov't. of Nashville and Davidson Co.,* M2002-02582-COA-R3-CV, 2005 WL 1541860 at *44 (Tenn. Ct. App., M.S., filed June 30, 2005).

In the present case, Mr. Grigsby filed his notice of appeal stating that he appeals "from the final judgment entered in this action the 10[th] day of March 2005." Although the date is obviously incorrect, we believe it is fairly apparent that Mr. Grigsby meant to appeal the judgment of the trial court entered April 12, 2005, disposing of UTMC's motion filed on March 10, 2005. Mr. Grigsby could not have included in this notice of appeal the trial court's summary judgment entered on June 28, 2005, because his notice was filed May 6, 2005. It is thus clear that Mr. Grigsby filed no notice of appeal of the trial court's summary judgment in favor of Drs. Hatcher and Mounger. "The notice of appeal requirement is jurisdictional and mandatory in all civil cases. If the notice of appeal is not filed as required by Rule 4, an appellate court is without jurisdiction to hear the issues raised on the defective appeal." *Hutcheson v. Barth,* 178 S.W.3d 731, 733 (Tenn. Ct. App. 2005)(footnotes omitted).

Under the foregoing authorities and analysis, we hold that we are without jurisdiction to hear the appeal of the trial court's summary judgment in favor of Drs. Hatcher and Mounger, and that judgment has become final. We find the following comment by the *Goad* court apt and equally pertinent to the present case:

> We do not favor dismissing pro se litigants' appeals on what might appear to be technicalities. However, while parties who choose to represent themselves are entitled to fair and equal treatment, they are not entitled to shift the burden of litigating their case to the courts, *see Dozier v. Ford Motor Co.,* 702 F.2d 1189, 1194 (D.C.Cir.1983), or to be excused from complying with the same substantive and procedural requirements that other represented parties must adhere to. *See Irvin v. City of Clarksville,* 767 S.W.2d 649, 652 (Tenn.Ct.App.1988). Accordingly, they must act within the time periods provided by the applicable statutes and rules in order to have their cases considered. *See Williams-Guice v. Board of Educ.,* 45 F.3d 161, 164 (7th Cir.1995); *Kelley v. Secretary, United States Dep't of Labor,* 812 F.2d 1378, 1380 (Fed.Cir.1987).

*Goad*, 1997 WL 749462 at *2.

### IV. Vicarious Liability Under Respondeat Superior Doctrine

As above noted, UTMC filed its motion to dismiss on the ground that the complaint failed to state a claim upon which relief can be granted against it, pursuant to Tenn. R. Civ. P. 12.02(6). Rule 12.02 provides as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Because Mr. Grigsby filed his own affidavit in support of his response in opposition to UTMC's motion to dismiss and there is no indication that the trial court "excluded" the affidavit, the trial court should have treated the motion as one for summary judgment under this rule.

A motion for summary judgment should be granted when the movant demonstrates that there

are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells,* 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Byrd v. Hall,* 847 S.W.2d 208 (Tenn. 1993).

Our examination of the record under this standard leads to the conclusion that Mr. Grigsby proceeded solely under the theory of *respondeat superior*, alleging that UTMC was vicariously liable for the acts of its alleged agents, Drs. Hatcher and Mounger. Neither his complaint nor his affidavit alleges negligence on UTMC's part that is independent of the alleged actions of the Defendant doctors. The only allegations in Mr. Grigsby's complaint specifically pertaining to UTMC are stated as follows:

> Plaintiffs condition continued to worsen under the care of defendants and U.T. Medical Center Staff but nothing was done by either the defendant Hospital or defendant doctors resulting in the lost of plaintiffs kidney [sic].
>
> \* \* \*
>
> [Plaintiff's injuries] were directly and proximately caused by the following acts of negligence and torts of the defendants and defendant Hospital.
> Negligence, Gross negligence, deliberate indifference, wonton and willfull negligence, outrageous conduct and mal-practice [sic].

[Numbering in original omitted]. Mr. Grigsby did not file an affidavit of a medical expert in this case. His own affidavit states as follows in its entirety:

> I Larry Grigsby, having first been duly sworn, hereby states [sic] as follows:
> 1. I am eighteen (18) years of age and the facts contained in this affidavit are based [upon] my own personal knowledge.
> 2. That at all times alleged in the complaint that the affiant was under the care of The University of Tennessee Medical Center and as a result of negligence of the Medical Center sustained injuries by the defendants named in this case and that U.T. Medical Center is the duly recognized administrators [sic] of all the defendants and its hospital operation.
> 3. That on 3-24-04 the plaintiff was diagnosed by primary care doctors and it was concluded that his injuries was [sic] the result of improper care and negligence of the University of Tennessee Medical center and staff as defined in [the] complaint and that plaintiff[']s

claim accrued on that exact date, complaint was filed February 24th 2005. Complaint complies with statute of limitation mandates.

4. During and up until this date the defendant Hospital was under the following duties:

a. To exercise that degree of care, skill and diligence used by hospitals generally in that community, and required by the express or implied contract of the undertaking.

5. In breach of these duties defendant U.T. Medical Center was negligent and grossly negligent of [sic] the following acts or omissions:

a. That accidents such as plaintiff sustained do not occur even when that treatment is properly administered however so as a result of the hospital failing to insure skill and the following of protocol for treatment the plaintiff was injured.

b. The defendants allow its physicians to operate its equipment above and beyond medical mandates in a negligent manner that causes harm without care.

c. Defendant hospital had a duty to diagnose plaintiff conditions [sic] when plaintiff complained and failed to give him supportive treatment.

d. Plaintiff was a patient in defendant hospital when negligent acts and improper procedure and surgery sustained his injuries[sic].

In his response to UTMC's motion to dismiss, Mr. Grigsby argued to the trial court that "Defendant U.T. Medical Center is liable under respondent [sic] superior because under this doctrine master is responsible for wont [sic] of care on servants['] part toward those to whom master owes duty of care, provided failure of servant to use such care occurred in the course of his employment." Likewise, Mr. Grisgby's appellate brief is directed entirely to his *respondeat superior* argument, stating, among other things, that "in analyzing the Complaint, this Honorable Court will find that such pleading does in fact allege negligence and malpractice against the Defendant University of Tennessee Medical Center through vicarious liability under the doctrine of respondeat superior for the actions of Defendants/physicians Paul A. Hatcher and E. Jay Mounger."

In *Johnson v. LeBonheur Children's Medical Center,* 74 S.W.3d 338 (Tenn. 2002), the Supreme Court was presented with the question of whether a physician resident's personal immunity from a lawsuit prohibited the hospital where the resident worked from being held vicariously liable under the *respondeat superior* doctrine based upon the resident's actions. The Court answered in the negative and further stated as follows:

> *a principal may not be held vicariously liable under the doctrine of respondeat superior based upon the acts of its agent in three instances*: *(1) when the agent has been exonerated by an adjudication of non-liability*, (2) when the right of action against the agent is

-6-

extinguished by operation of law, or (3) when the injured party extinguishes the agent's liability by conferring an affirmative, substantive right upon the agent that precludes assessment of liability against the agent.

*Johnson*, 74 S.W.3d at 345 (emphasis added). The Supreme Court reiterated this principle a year later in *Shelburne v. Frontier Health*, 126 S.W.3d 838, 844 (Tenn. 2003).

As already noted, the trial court granted summary judgment in favor of Drs. Hatcher and Mounger. "A motion for summary judgment goes directly to the merits of the litigation." *Byrd v. Hall,* 847 S.W.2d 208, 210 (Tenn. 1993); *Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 498 (Tenn. 1978). This court has held that a summary judgment that has become final carries *res judicata* effect. *Hollins v. Covington Pike Chrysler-Plymouth, Inc.*, No. W2002-00492-COA-R3-CV, 2002 WL 31895720 at *2 (Tenn. Ct. App. W.S., filed Dec. 23, 2002); *Anderson v. Rayner,* No. W2004-00485-COA-R3-CV, 2005 WL 3543682 at *5-6 (Tenn. Ct. App. W.S., filed Dec. 28, 2005). *Res judicata* is a doctrine that "may be successfully pleaded when a judgment on the merits exhausts or extinguishes the cause of action on which it is based[.]" *National Cordova Corp. v. City of Memphis*, 380 S.W.2d 793, 796 (Tenn. 1964). We are of the opinion that a summary judgment that has become final serves to "exonerate [the agent] by an adjudication of non-liability." *Johnson,* 74 S.W.3d at 345. Consequently, under *Johnson* and *Shelburne,* the alleged principal, UTMC, cannot be held vicariously liable under the *respondeat superior* doctrine because the alleged agents, Drs. Hatcher and Mounger have been exonerated by an adjudication of non-liability.

Our affirmance of the dismissal of Mr. Grigsby's cause of action against UTMC is obviously based upon different grounds than those upon which the trial court relied, because the Defendant doctors had not yet been granted summary judgment when the trial court granted UTMC's motion to dismiss. But "[i]t is well settled that if there is any ground upon which a decree before the appellate court on a broad appeal can be affirmed, it will be done, even though it be a different ground from that upon which the chancellor bases his decree." *Barner v. Boggiano*, 222 S.W.2d 672, 677 (Tenn. Ct. App. 1949). It is our opinion that the principle of agency law espoused by the Supreme Court in *Johnson* and *Shelburne* and discussed herein renders all other issues moot, because regardless of the outcome of any other issue, Mr. Grigsby cannot recover under *respondeat superior* against UTMC, the alleged principal, when his cause of action against the alleged agents has been extinguished. "If the trial court reached the correct result, the judgment below is entitled to affirmance, irrespective of the reason stated." *Benson v. U. S. Steel Corp.*, 465 S.W.2d 124, 130 (Tenn. 1971).

### *V. Conclusion*

For the aforementioned reasons, the judgment of the trial court is affirmed in its entirety. Costs on appeal are assessed to the Appellant, Larry Grigsby.

_____
SHARON G. LEE, JUDGE