IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 1, 2017

## KIMBERLY GILES ROLLICK v. CITIZENS BANK OF BLOUNT COUNTY, ET AL.

**Appeal from the Circuit Court for Blount County**
**No. L-19217      David Reed Duggan, Judge**

_____

#### No. E2016-01444-COA-R3-CV

_____

A plaintiff filed a complaint against three entities asserting claims for breach of contract, among others. The trial court granted each defendant's motion to dismiss the complaint. The plaintiff filed a timely notice of appeal as to two of the three orders dismissing her complaint, and the Court of Appeals granted the third defendant's motion to be dismissed from the appeal. On appeal, the plaintiff argues the trial court improperly granted the third defendant's motion to dismiss for procedural reasons, and she complains the trial court refused to provide her with a transcript of the hearings. Finding no merit to the plaintiff's arguments, we affirm the trial court's judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and KENNY W. ARMSTRONG, JJ., joined.

Kimberly Rollick, Maryville, Tennessee, Pro Se.

James A. Haltom, Nashville, Tennessee, for the appellee, J.P. Morgan Chase Bank, N.A.

Brandon Derek Sizemore, Knoxville, Tennessee, for the appellee, Wilson & Associates PLLC.

## OPINION

### PROCEDURAL BACKGROUND

Kimberly Giles Rollick filed a complaint against Citizens Bank of Blount County ("CBBC"), J.P. Morgan Chase Bank, N.A. ("Chase"), and Wilson & Associates, PLLC

("W&A") on February 2, 2016. She alleged causes of action for breach of contract, fraud and racketeering, usury and racketeering, and violations of the truth and lending law. W&A filed a verified denial and answer to the complaint. When Ms. Rollick failed to respond to W&A's verified denial, W&A filed a motion to dismiss. CBBC filed a motion to dismiss on the basis that Ms. Rollick's causes of action were barred by the applicable statutes of limitations. Chase filed a motion to dismiss on the grounds of res judicata.

The trial court held a hearing on CBBC's motion on April 8, 2016, and it issued an order on April 21, 2016, dismissing the complaint against CBBC "with prejudice as being time barred by the applicable statutes of limitation." Finding no reason for delay, the trial court wrote that its order "shall constitute a final order pursuant to Tenn. R. Civ. P. 54.02." The court heard arguments on Chase's and W&A's motions to dismiss on June 6, 2016, and it issued an order on June 9 granting Chase's motion and an order on June 20 granting W&A's motion. In its order granting W&A's motion, the court wrote: "This Order is a final Order as it relates to Defendant W&A in accordance with Rule 54.02 of the Tennessee Rules of Civil Procedure."

Ms. Rollick filed a Notice of Appeal on July 8, 2016, in which she appealed only two of the three orders the trial court issued dismissing her complaint: she appealed the order granting W&A's motion to dismiss, and she appealed the order granting Chase's motion to dismiss. Then, on August 4, 2016, Ms. Rollick filed a "supplement/ amendment" to her notice of appeal in which she sought to add the order granting CBBC's motion to dismiss to the other orders she was appealing. CBBC objected to Ms. Rollick's attempt to supplement or amend her initial notice of appeal, arguing that the thirty-day period within which an appellant must file a notice of appeal is "mandatory and jurisdictional" pursuant to Tenn. R. App. P. 4. CBBC also moved for an order dismissing it from the appeal. This Court agreed with CBBC and issued an order on March 29, 2017, denying Ms. Rollick's request to supplement or amend her notice of appeal and dismissing CBBC from the appeal. We wrote:

> The appellant's supplement/amendment to her Notice of Appeal, which was filed on August 4, 2016, and supplemented the Notice of Appeal originally filed on July 8, 2016, was not filed within thirty (30) days of the April 21, 2016 date of entry of the Rule 54.02 final judgment dismissing the appellant's case against CBBC. Because the appellant's August 4, 2016 supplement/amendment to her Notice of Appeal is the only notice of appeal document directed to the April 21, 2016 judgment, the Court concludes that a timely notice of appeal was not filed as to the April 21, 2016 judgment. The Appellate Court Clerk is directed to remove CBBC as an appellee in this appeal.

Ms. Rollick moved for an extension of time to file a petition seeking reconsideration of the order dismissing CBBC from the appeal, which this Court denied on May 12, 2017. As a result, CBBC is no longer a party to this appeal.

ANALYSIS

Ms. Rollick addresses two issues in her appellate briefs. First, she contends that she did not receive notice of the trial court's hearing on CBBC's motion to dismiss that was held on April 8, 2016, and she requests that we vacate the trial court's judgment dismissing her complaint against CBBC. Second, Ms. Rollick complains that the trial "provided no record of the proceedings on which a proper appeal may proceed in the usual and normal manner," resulting in prejudice and a denial of due process and equal protection of the law.

Before addressing the issues Ms. Rollick raises on appeal, we note that Ms. Rollick is representing herself. Pro se litigants are entitled to "fair and equal treatment by the courts; nevertheless, 'the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary.'" *Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 551 (Tenn. Ct. App. 2015) (quoting *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)). Procedural and substantive rules apply to pro se litigants to the same extent that they apply to represented parties, and "'[p]ro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.'" *Id.* (quoting *Young*, 130 S.W.3d at 63).

We will first address Ms. Rollick's argument regarding her lack of notice. As explained above, we dismissed CBBC from this appeal in March 2017 due to Ms. Rollick's failure to file a timely notice of appeal with respect to the trial court's order granting CBBC's motion to dismiss. *See* TENN. R. APP. P. 4 ("the notice of appeal . . . shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from").[1] "The notice of appeal requirement is jurisdictional and mandatory in all civil cases," and if it is not filed in accordance with the requirements of Tennessee Rule of Appellate Procedure 4, "an appellate court is without jurisdiction to hear the issues raised on the defective appeal." *Hutcheson v. Barth*, 178 S.W.3d 731, 733 (Tenn. Ct. App. 2005) (footnotes omitted); *see Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 868 n.1 (Tenn. Ct. App. 2008) ("The failure of a party to timely file a notice of appeal will deprive this Court of jurisdiction to hear the matter."); *Searle v. Pfister*, No. M2000-00731-COA-R3-CV, 2000 WL 1862841, at *3 (Tenn. Ct. App. Dec. 21, 2000) ("an appellant's failure to file the

---

[1]Tennessee Rule of Appellate Procedure 4 was amended effective July 1, 2017, and now appellants are directed to file notices of appeal with the appropriate appellate court rather than with the trial court. When the trial court here issued its final orders, however, Rule 4 required appellants to file their notices of appeal with the trial court, which then transmitted the notices to the appropriate appellate court.

notice of appeal with the trial court within thirty days of the entry of a final judgment deprives this court of jurisdiction in the matter appealed from"). Thus, because Ms. Rollick failed to appeal the order granting CBBC's motion to dismiss in a timely manner, and based on our earlier order dismissing CBBC from the appeal, the order by the trial court dismissing the complaint against CBBC is not subject to our review.

The second issue Ms. Rollick raises on appeal concerns the fact that there is no record of the proceedings that took place on April 8, 2016, when the trial court held the hearing on CBBC's motion to dismiss. Ms. Rollick appeared at the June 6 hearing on Chase's and W&A's motions to dismiss, but she complains about the lack of a record from those proceedings as well. Ms. Rollick contends that a transcript of the hearings is necessary to prepare an adequate argument on appeal. However, contrary to the requirements of Tennessee Rule of Appellate Procedure 27(a)(7)(A), she cites no rule or case requiring that a record be created at the hearing.[2]

A motion to dismiss assesses the legal sufficiency of a complaint and does not include the introduction of any testimony or other evidence into the record. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011); *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). "The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone," *Webb*, 346 S.W.3d at 426, which are included in the record before this Court. An appellate court reviews the trial court's judgment de novo, without any presumption of correctness applied to the trial court's rulings. *Trau-Med of Am.*, 71 S.W.3d at 696-97. Thus, our review of the trial court's judgments dismissing Ms. Rollick's complaint is not impeded, or even negatively affected, by the lack of any transcript of the hearings. Moreover, although a litigant is free to arrange for a court reporter to record the proceedings of his or her case, we are not aware of any rule requiring the trial court to provide this service in civil proceedings.

Although Ms. Rollick filed a timely notice of appeal of the trial court's orders dismissing her complaint against Chase and W&A, she makes no argument in her brief and cites no authority in support of her request that we "set aside" these orders.[3]

---

[2]Tennessee Rule of Appellate Procedure 27(a)(7)(A) requires that an appellant's brief include:

> the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on.

[3]Ms. Rollick contends in her reply brief that the trial court lacked jurisdiction to dismiss her complaint against CBBC, Chase, and W&A. She also contends the Court of Appeals lacks jurisdiction to hear this appeal. We note that Ms. Rollick selected the circuit court in Blount County to hear her case against all three defendants, and she fails to explain the basis for her contention that it lacked jurisdiction to grant the defendants' motions to dismiss. Moreover, Ms. Rollick filed the notice of appeal, setting in motion the

Tennessee Rule of Appellate Procedure 27(a)(7)(A) requires that an appellant's brief contain an argument in which the appellant sets forth his or her contentions with respect to each issue, "the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on." Because Ms. Rollick has failed to make any argument with respect to why she believes the trial court erred in granting Chase's and W&A's motions to dismiss her complaint, we conclude Ms. Rollick has waived her argument with respect to Chase and W&A on appeal. *See Green v. Champs-Elysees, Inc.*, No. M2012–00082–COA–R3–CV, 2013 WL 10481171, at *11 (Tenn. Ct. App. Sept. 11, 2013) (stating that party waives issue on appeal if he or she fails to cite authorities and appropriate references in record as required by Tenn. R. App. P. 27(a)(7)(A)); *see also Gillett v. Molthan*, No. M2016-01628-COA-R3-CV, 2017 WL 1535104, at *5 (Tenn. Ct. App. Apr. 27, 2017).

CONCLUSION

The judgment of the trial court is affirmed. The costs related to this appeal shall be taxed to the appellant, Kimberly Giles Rollick, for which execution shall issue if necessary.

_____
ANDY D. BENNETT, JUDGE

---

instant appeal to the Court of Appeals. According to Tenn. Code Ann. § 16-4-108(a)(1), "[t]he jurisdiction of the court of appeals . . . extends to all civil cases except workers' compensation cases and appeals pursuant to § 37-10-304(g) [involving minors]."