IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 1, 2025

## JOHN SCHMEECKLE v. HAMILTON COUNTY, TN ET AL.

**Appeal from the Chancery Court for Hamilton County**
**No. 23-0403  Pamela A Fleenor, Chancellor**

————————————————————

### No. E2024-00422-COA-R3-CV

————————————————————

Appellant's Tennessee Rule of Civil Procedure 59.04 motion to alter or amend was untimely and did not toll the time limit for filing his notice of appeal.  As such, Appellant's notice of appeal is untimely, and the appeal is dismissed for lack of subject-matter jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ANDY D. BENNETT, and KRISTI M. DAVIS, JJ., joined.

John Schmeeckle, Chattanooga, Tennessee, appellant, pro se.

R. Dee Hobbs and Sharon McMullan Milling, Chattanooga, Tennessee, for the appellees, Austin L Garrett, Ron Rice, Gregg Carson, and Hamilton County, Tennessee.

### MEMORANDUM OPINION[1]

Appellant John Schmeeckle's original complaint and amended complaint are not contained in the appellate record; however, we glean from the trial court's orders that the underlying lawsuit involved a forcible entry and detainer action whereby Appellant was evicted.  Thereafter, Appellant filed suit against Appellees, Sheriff Austin L Garrett, Sergeant Ron Rice, Sergeant Gregg Carson, and Hamilton County, Tennessee. On September 20, 2023, the trial court entered an order dismissing Appellant's lawsuit.  On October 23, 2023, Appellant filed a Tennessee Rule of Civil Procedure 59.04 motion to

---

[1] Rule 10 of the Court of Appeals Rules provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION', shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

alter or amend the September 20th order. By order of February 26, 2024, the trial court denied Appellant's motion to alter or amend as untimely. Although the trial court determined that Appellant's untimely motion to alter or amend did not extend the time for filing his notice of appeal, on March 26, 2024, Appellant filed a notice of appeal seeking review of the trial court's September 20, 2023 order and its February 26, 2024 order denying the motion to alter or amend. Because Appellant's notice of appeal was untimely, this Court does not have subject-matter jurisdiction over the appeal, and it is dismissed.

We first acknowledge that Mr. Schmeeckle is representing himself in this appeal. This Court has explained the rights and responsibilities of pro se litigants, to-wit:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

**Murray v. Miracle**, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014) (quoting **Young v. Barrow**, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (internal citations omitted)); *see also* **Hessmer v. Hessmer**, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). Consequently, a pro se litigant should not "be permitted to shift the burden of the litigation to the courts or to their adversaries." **Young**, 130 S.W.3d at 63. Further, a pro se litigant must comply with the same rules that lawyers must observe. **Watson v. City of Jackson**, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014).

Turning to the question of subject-matter jurisdiction, the filing of a timely notice of appeal is mandatory and jurisdictional in all civil cases. **Hutcheson v. Barth**, 178 S.W.3d 731, 733 (Tenn. Ct. App. 2005). If the notice of appeal is not filed in compliance with the requirements of Tennessee Rule of Appellate Procedure 4, the appellate court is without jurisdiction to consider the issues raised by the parties on appeal. **Id.** at 733. When, as here, the record presents a question regarding the timeliness of a notice of appeal, we must address that question before proceeding to the remaining issues.

As discussed above, the trial court's order dismissing Appellant's amended complaint was filed on September 20, 2023. Because it resolved all of the parties' rights and claims and left nothing for the trial court to adjudicate, the September 20, 2023 order was a final judgment that triggered commencement of the thirty-day period within which to file a post-judgment motion or notice of appeal. Tenn. R. App. P. 4(a) ("In an appeal as of right to the . . . Court of Appeals . . ., the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within [thirty] days after the date of

- 2 -

entry of the judgment appealed from[.]"); ***Ball v. McDowell***, 288 S.W.3d 833, 836 (Tenn. 2009) (citing Tenn. R. Civ. P. 59.04; Tenn. R. App. P. 4(a)-(b)) ("The date of entry of a final judgment in a civil case triggers the commencement of the thirty-day period in which a party aggrieved by the final judgment must file either a post-trial motion or a notice of an appeal."); Tenn. R. Civ. P. 59.04 ("A motion to alter or amend a judgment shall be filed and served within thirty . . . days after the entry of the judgment.").

"If timely . . . [a] motion to alter or amend, will toll commencement of the thirty-day period for filing a notice of appeal until the trial court enters an order granting or denying the motion." ***Ball***, 288 S.W.3d at 836 (citing Tenn. R. App. P. 4(b); ***Binkley v. Medling***, 117 S.W.3d 252, 255 (Tenn. 2003)); Tenn. R. Civ. P. 59.01 (noting that motions under Rule 59.04 are among the motions that will "extend[ ] the time for taking steps in the regular appellate process"); ***Tenn. Farmers Mut. Ins. Co. v. Farmer***, 970 S.W.2d 453, 453 (Tenn. 1998) (holding that a motion under Rule 59.04 tolls the statute of limitations for filing a notice of appeal "until entry of an order granting or denying the motion"). Unfortunately, in this case, Appellant's Rule 59.04 motion was untimely. The last day on which Appellant could file either a timely notice of appeal, or a timely Rule 59 motion, was October 20, 2023, *i.e.*, thirty days from entry of the trial court's final order on September 20, 2023. Appellant filed his Rule 59.04 motion on October 23, 2023. Because Appellant's Rule 59 motion was untimely, it did not operate to toll the running of the thirty-day period for filing a notice of appeal because the trial court lacked jurisdiction to rule on the motion. *See* ***Ball***, 288 S.W.3d at 836 (citing ***Binkley***, 117 S.W.3d at 255) ("If a post-trial motion is not timely, the trial court lacks jurisdiction to rule on the motion."); ***Albert v. Frye***, 145 S.W.3d 526, 528 (Tenn. 2004) (citing Tenn. R. App. P. 4(b)); ***Binkley***, 117 S.W.3d at 255) ("[A] motion to alter or amend pursuant to Tennessee Rule of Civil Procedure 59.04, **if timely filed**, toll[s] commencement of the thirty-day period [for filing a notice of appeal] until an order granting or denying the motion is entered.") (emphasis added)).

In view of the untimely Rule 59 motion, which did not operate to extend the thirty-day period, Appellant's notice of appeal was untimely as it was filed on March 22, 2024, which was well beyond the October 20, 2023 deadline. Because the notice of appeal was untimely, this Court lacks subject-matter jurisdiction over the appeal. Tenn. R. App. P. 2 (stating that appellate courts may not suspend the thirty-day period for filing a notice of appeal); Tenn. R. App. P. 4(a); *see also* ***Cobb v. Beier***, 944 S.W.2d 343, 344 n. 2 (Tenn.1997) (holding that an untimely filed notice of appeal deprives this Court of jurisdiction).

For the foregoing reasons, the appeal is dismissed for lack of subject-matter jurisdiction. Costs of the appeal are assessed to the Appellant, John Schmeeckle. Execution for costs may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE