IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 24, 2026 Session

## PATRICK MICHAEL WALLEN v. LC GERMANTOWN OWNER, LLC

**Appeal from the Circuit Court for Davidson County**
**No. 24C2786    Clifton David Briley, Judge**

_____

**No. M2025-00873-COA-R3-CV**

_____

Because Appellant's notice of appeal was untimely, this Court lacks subject-matter jurisdiction over the appeal, and it is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

STEVEN W. MARONEY, J., delivered the opinion of the court, in which KRISTI M. DAVIS and VALERIE L. SMITH, JJ., joined.

Patrick Michael Wallen, Novato, California, appellant, pro se.

Trevor S. Baskin, Nashville, Tennessee, for the appellee, LC Germantown Owner, LLC.

## OPINION

### I. BACKGROUND

Appellee LC Germantown Owner, LLC, owns and operates an apartment community in Nashville. On May 19, 2023, Appellant Patrick Michael Wallen entered a 12-month residential lease with Appellee. Appellant paid routine move-in costs, including a security deposit and a non-refundable administrative fee.

After Appellant made his second rental payment in June 2023, Appellee mistakenly refunded the security deposit by depositing the full amount directly into Appellant's bank account. In January 2024, Appellee's manager notified Appellant of the outstanding balance caused by the mistakenly refunded security deposit. Appellant never repaid the security deposit.

On February 9, 2024, Appellant filed his initial lawsuit against Appellee in the Davidson County General Sessions Court. Appellant claimed, among other things, that Appellee was responsible for the theft of his scooter from the property. On March 21, 2024, Appellee filed a counterclaim for breach of contract in the amount of $446.44—the amount of the mistakenly refunded security deposit—together with attorneys' fees and court costs as permitted under the lease. On April 18, 2024, Appellee filed a detainer warrant. On May 6, 2024, Appellee moved the general sessions court to consolidate its detainer action and counterclaim for breach of contract with Appellant's claims, but the general sessions court denied the motion.

Thereafter, Appellant voluntarily vacated the apartment, and the parties agreed on the balance due at move-out. The general sessions court dismissed the parties' claims with prejudice, and Appellant appealed to the Davidson County Circuit Court ("trial court"), where Appellee subsequently dismissed its claims.

While the appeal from the general sessions court was pending, on November 14, 2024, Appellant filed the instant lawsuit in the trial court. Appellant alleged causes of action for malicious prosecution and abuse of process. Appellant's abuse of process claim arose from Appellee's general sessions claims for breach of contract and unlawful detainer. After filing an answer, Appellee filed a Tennessee Rule of Civil Procedure 12.03 motion for judgment on the pleadings, wherein it alleged, *inter alia*, that, as to the malicious prosecution claim, Appellant failed to plead that the previous general sessions case (the basis for the malicious prosecution suit) ended in a termination favorable to the plaintiff. The trial court granted Appellee's motion by order of March 27, 2025.

On March 31, 2025, Appellant filed a timely Tennessee Rule of Civil Procedure 59.04 motion to alter or amend the March 27th order.[1] Therein, Appellant noted that the trial court's March 27th order misstated the disposition in the general sessions court. Appellant also asserted that the trial court's order was incorrect as a matter of law. Appellee opposed the motion.

On April 29, 2025, the trial court entered an order on Appellant's Rule 59.04 motion. The trial court granted the motion, but only to correct a mistake in its March 27th order concerning the adjudication in the general sessions court.[2] Otherwise, the trial court's

---

[1] Appellant's motion was styled a "Motion to Reconsider." Due to the confusion caused by the imprecision of that phrase, our courts have cautioned against its use. *See, e.g., **Regions Bank v. Prager**,* 625 S.W.3d 842, 845 (Tenn. 2021). Regardless, courts are to consider the substance of a motion rather than its title or form. *Id.* We view Appellant's March 31, 2025 motion as a Rule 59.04 motion to alter or amend the trial court's March 27, 2025 order.

[2] In its March 27, 2025 order granting Appellee's motion to dismiss, the trial court erroneously stated that the general sessions counterclaim was dismissed via a nonsuit by the Appellee, and, therefore, it was not a termination favorable to the Appellant. This was an incorrect statement. It was not the general

March 27th order remained undisturbed.

On May 22, 2025 (more than 30-days after entry of the March 27, 2025 order), Appellant filed a second "Motion to Alter or Amend." Before the trial court ruled on this second motion, on June 9, 2025, Appellant filed his notice of appeal to this Court. Thereafter, on June 13, 2025, the trial court purported to enter an order denying Appellant's second motion to alter or amend.

## II. ANALYSIS

Although Appellant raises several issues for review, we do not reach them because the dispositive issue is whether the notice of appeal was timely filed. It was not. Accordingly, this Court lacks subject-matter jurisdiction over the appeal, and it is dismissed.

We first acknowledge that Mr. Wallen is representing himself in this appeal. This Court has explained the rights and responsibilities of pro se litigants, to-wit:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014) (quoting *Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (internal citations omitted)); *see also Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). Consequently, a pro se litigant should not "be permitted to shift the burden of the litigation to the courts or to their adversaries." *Young*, 130 S.W.3d at 63. Further, a pro se litigant must comply with the same rules that lawyers must observe. *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014).

Turning to the question of subject-matter jurisdiction, the filing of a timely notice of appeal is mandatory and jurisdictional in all civil cases. *Hutcheson v. Barth*, 178 S.W.3d 731, 733 (Tenn. Ct. App. 2005). If the notice of appeal is not filed in compliance with the requirements of Tennessee Rule of Appellate Procedure 4, the appellate court is without

---

sessions counterclaim that was nonsuited; it was the counterclaim in the appeal to the trial court that was nonsuited. The trial court's April 29, 2025 order corrects the misstatement.

jurisdiction to consider the issues raised by the parties on appeal. *Id*. at 733. When, as here, the record presents a question regarding the timeliness of a notice of appeal, we must address that question before proceeding to the remaining issues. Tenn. R. App. P. 13(b) ("The appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review.").

## A. Finality and Commencement of the Appeal Period

As discussed above, the trial court entered its order dismissing Appellant's lawsuit on March 27, 2025. Because it resolved all the parties' rights and claims and left nothing for the trial court to adjudicate, the March 27, 2025 order was a final judgment that triggered commencement of the thirty-day period within which to file a post-judgment motion or notice of appeal. Tenn. R. App. P. 4(a) ("In an appeal as of right to the . . . Court of Appeals . . ., the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within [thirty] days after the date of entry of the judgment appealed from[.]"); *Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009) (citing Tenn. R. Civ. P. 59.02; Tenn. R. App. P. 4(a)-(b)) ("The date of entry of a final judgment in a civil case triggers the commencement of the thirty-day period in which a party aggrieved by the final judgment must file either a post-trial motion or a notice of an appeal."); Tenn. R. Civ. P. 59.04 ("A motion to alter or amend a judgment shall be filed and served within thirty . . . . days after the entry of the judgment.").

## B. Tolling Effect of Appellant's First Rule 59.04 Motion

Here, Appellant's time to file his notice of appeal was extended by the timely filing of his Rule 59.04 motion to alter or amend on March 31, 2025. "If timely . . . [a] motion to alter or amend will toll commencement of the thirty-day period for filing a notice of appeal until the trial court enters an order granting or denying the motion." *Ball*, 288 S.W.3d at 836 (citing Tenn. R. App. P. 4(b); *Binkley v. Medling,* 117 S.W.3d 252, 255 (Tenn. 2003)); Tenn. R. Civ. P. 59.01 (noting that motions under Rule 59.04 are among the motions that will "extend[ ] the time for taking steps in the regular appellate process"); *Tenn. Farmers Mut. Ins. Co. v. Farmer,* 970 S.W.2d 453, 454 (Tenn. 1998) (holding that a motion under Rule 59.04 tolls the statute of limitations for filing a notice of appeal "until entry of an order granting or denying the motion"). On April 29, 2025, the trial court entered its order denying Appellant's Rule 59.04 motion.

Under Tennessee Rule of Appellate Procedure 4(b), Appellant's time for filing his notice of appeal commenced on April 30, 2025. Tenn. R. App. P. 4(b) ("[t]he time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion."); Tenn. R. Civ. P. 6.01 ("In computing any period of time prescribed or allowed by these rules . . . the date of the act, event or default after which the designated period of time begins to run is not to be included."). Here, the date of entry of the order denying Appellant's Rule 59.04 motion is not counted; rather, the Tennessee

Rule of Civil Procedure 4(a), 30-day time period for filing a timely notice of appeal began to run on April 30, 2025, the day after entry of that order. Accordingly, the last day on which Appellant could have filed a timely notice of appeal was May 29, 2025. Appellant filed his notice of appeal on June 9, 2025.

### C. Appellant's Second Post-Judgment Motion

The issue of whether Appellant's June 9, 2025 notice of appeal was timely is made hazy by the fact that Appellant attempted to file a second motion for relief on May 22, 2025, just prior to filing the notice of appeal. The question, then, is whether Appellant's 30-day time period for filing his notice of appeal to this Court ran from the entry of the April 29, 2025 order on Appellant's first motion for relief, or whether it ran from the entry of the trial court's June 13, 2025 order denying Appellant's second motion for relief. The resolution of this issue depends on the nature of Appellant's May 22, 2025 motion. Unfortunately, the motion does not reference any of the Tennessee Rules of Civil Procedure. Likewise, the trial court's June 13, 2025 order, which addresses Appellant's second motion for relief, states, in its entirety,

> This cause came before this Honorable Court for hearing on June 6, 2025, upon the Plaintiff's Motion to Alter or Amend. Based upon the briefs filed with the Court, the oral argument of the parties, and the record as a whole, the motion is respectfully denied. IT IS SO ORDERED.

Because there is no indication as to which of the procedural rules govern Appellant's second motion for relief, we are guided by the substance of that motion. ***Dunlap v. Dunlap***, 996 S.W.2d 803, 812 (Tenn. Ct. App. 1998) ("The law is well-settled that, in ruling on post-trial motions filed by the parties, the courts of this state are required to consider the substance of the motion rather than its form or title."); *see also* ***Henry v. Goins***, 104 S.W.3d 475, 479 (Tenn. 2003) (concluding that the content of the motion indicated that the party was seeking relief under Rule 60.02 even though the motion did not mention Rule 60.02).

### 1. Rule 59.04 Analysis

By his May 22, 2025 motion, Appellant sought relief from the trial court's March 27, 2025 order. From our review, Appellant's May 22nd motion is substantively the same as his March 31st motion. In both motions, Appellant argues that the general sessions court's ruling on Appellee's counterclaim was decided in Appellant's favor and is the basis for his malicious prosecution claim. In this regard, Appellant's second motion for relief could be construed as a serial Rule 59.04 motion. Such repetitive motions do not operate to extend the time for filing the notice of appeal.

As set out in Tennessee Rule of Civil procedure 59.01, "[m]otions to reconsider any of these motions [e.g., Rule 59.04 motions] are not authorized and will not operate to

extend the time for appellate proceedings." In addressing Rule 59.01, this Court has explained:

> Rule 59.01 prohibits motions to "reconsider," on the same grounds, [as] a previously decided Rule 59 motion. *See Gassaway* [*v. Pattye*], 604 S.W.2d [60,] at 60 [(Tenn. Ct. App. 1980)]; Tenn. R. Civ. P. 59.01. . . . A party can file a motion to alter or amend a judgment that has been changed in response to another party's Rule 59 motion. *Albert* [*v. Fry*], 145 S.W.3d [526,] at 526; *Savage* [*v. Hildenbrandt*, No. M1999-00630-COA-R3-CV,] 2001 WL 1013056, at *8 [(Tenn. Ct. App. Sept. 6, 2001)]; *Brenneman* [*v. Brenneman*, No. M2000-00890-COA-R3-CV,] 2001 WL 543434, at *3 [(Tenn. Ct. App. May 23, 2001)]; *see also Graybeal*[*v. Sherod*, No. E2011-01825-COA-R3-CV,] 2012 WL 4459807, at *10 [(Tenn. Ct. App. Sept 27, 2012)] (recognizing that a judgment altered in a manner adverse to a party will have the effect of starting the time anew for filing a timely motion pursuant to Rule 59). In addition, filing two motions to alter or amend is not always fatal—a party can file a motion to alter or amend a judgment that was amended in response to his opponent's motion even if he or she has already filed one motion to alter or amend prior to the amended judgment. *See Barnes* [*v. Barnes*, No. M2012-02085-COA-R3-CV,] 2014 WL 1413931, at *3-4 [(Tenn. Ct. App. April 10, 2014)].
>
> The question remains as to whether a party can file a Rule 59 motion in response to an amended judgment when it was that party who successfully moved for the amended judgment. We believe that such a party should be allowed to do so, assuming, of course, that the second motion is not simply a motion to "reconsider" previously asserted grounds. The purpose of a Rule 59 motion to alter or amend a judgment is to prevent unnecessary appeals by providing the trial court with an opportunity to correct errors before the judgment becomes final. *Discover Bank v. Morgan*, 363 S.W.3d 479, 489 (Tenn. 2012).

*Legens v. Lecornu*, No. W2013-01800-COA-R3-CV, 2014 WL 2922358, at **12-13 (Tenn. Ct. App. June 26, 2014).

Here, the trial court granted Appellant's first Rule 59.04 motion, but only to correct the error concerning the disposition in the general sessions court. In his May 22, 2025 motion for relief, Appellant does not take issue with the correction made in the trial court's April 29, 2025 order. Rather, Appellant's second motion for relief merely reiterates arguments previously made in his first Rule 59.04 motion. In other words, Appellant's second motion constitutes a motion to "reconsider" grounds previously asserted in his March 31, 2025 motion.

As noted above, such motions are not allowed under Rule 59.01 and will not operate to extend the time for filing the notice of appeal. As such, Appellant's time for filing his notice of appeal would run from the date of entry of the order on his first Rule 59.04 motion, *i.e.*, April 29, 2025. Under this analysis, Appellant's June 9, 2025 notice of appeal was untimely.

### 2. Rule 60.02 Analysis

Appellant does not expressly cite Rule 59.04 in his second motion, though he does style it a "Motion to Alter or Amend." However, based on the timing of the motion, *i.e.*, it was filed more than 30 days after entry of the March 27, 2025 order, the only other procedural rule that could govern Appellant's May 22, 2025 motion is Rule 60.02, which provides a mechanism for relief from final judgments. Yet, even if we treat Appellant's second motion as a Rule 60.02 motion, we arrive at the same conclusion—his notice of appeal was untimely. Appellant filed his notice of appeal on June 9, 2025, while his second motion for relief was pending. Treating Appellant's second motion as a Rule 60.02 motion, the filing of the notice of appeal resulted in the trial court losing subject-matter jurisdiction to enter its June 13, 2025 order denying that motion.

In ***Born Again Church and Christian Outreach Ministries, Inc. v. Myler Church Building Systems of the Midsouth, Inc.***, 266 S.W.3d 421 (Tenn. Ct. App. 2007), this Court addressed a similar scenario where a party filed a Tennessee Rule of Civil Procedure 60.02 motion on the same day he filed his notice of appeal to this Court. In holding that the trial court's order purporting to adjudicate the Rule 60.02 motion was void ab initio, we explained:

> In the instant case, out of an apparent abundance of caution, Myler filed a notice of appeal on September 12, 2006, on the same date he filed a motion for Rule 60 relief. Though this obviously was not the intended result, the filing of the notice of appeal caused the trial court to lose subject matter jurisdiction over the Rule 60 motion. Meanwhile, Myler's original appeal was dismissed by this Court on November 2, 2006, presumably for lack of timeliness. Mandate was issued to the trial court on January 8, 2007. A trial court reacquires jurisdiction over a case after it receives a mandate from the appellate court. ***Earls v. Earls***, No. M1999-00035-COA-R3-CV, 2001 WL 504905, at *3 (Tenn. Ct. App. May 14, 2001). "Once the mandate reinvests the trial court's jurisdiction over a case, the case stands in the same posture it did before the appeal except insofar as the trial court's judgment has been changed or modified by the appellate court." ***Id.***
> Thus, from the date the notice of appeal was filed until January 8, 2007, this Court had subject matter jurisdiction over this case. The trial court's decision denying Myler's request for Rule 60.02 relief was rendered on November 20, 2006, at a time when the trial court lacked subject matter

jurisdiction over the case. Therefore, the order issued by the trial court was void, and the appeal must be dismissed. *See First Am. Trust* [*Co., v. Franklin-Murray Dev. Co., LP*], 59 S.W.3d [135,] at 140 [Tenn. Ct. App. 2001].

*Id*. at 425-26 (footnote omitted). The same is true here. When Appellant filed his notice of appeal on June 9, 2025, the trial court was divested of subject-matter jurisdiction to rule on a Rule 60 motion. As explained by the *Born Again Church* Court,

"[o]nce the notice of appeal was filed, the jurisdiction of [the appellate] court attached, and, correlatively, the trial court lost jurisdiction." *State v. Snowden*, [No. W2005-01851-CCA-R3-CD,] 2006 WL 1303946, at *2 (Tenn. Crim. App. 2006) (citing *State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003); *State v. Irwin*, 962 S.W.2d 477, 479 (Tenn. 1998); [*State v.*] *Pendergrass*, 937 S.W.2d [834,] at 837-38 [(Tenn. 1996)]; *State v. Ogle*, No. E2000-00421-CCA-R3-CD, 2001 WL 38755, at *4 (Tenn. Crim. App. Jan. 17, 2001)); *State v. Peele*, 58 S.W.3d 701, 704 (Tenn. 2001) ("After the trial court loses jurisdiction, generally it retains no power to amend a judgment"). If a party wishes to seek relief from a judgment during that time, he has the option of applying to the appellate court for an order of remand. *Spence* [*v. Allstate Ins. Co.*], 883 S.W.2d [586,] at 595 [(Tenn. 1994)]; *see City of Memphis v. Civil Serv. Comm'n of the City of Memphis*, No. W2002-01556-COA-R3-CV, 2003 WL 22204496, at *2 (Tenn. Ct. App. Sept. 15, 2003). Absent an application for remand, the trial court's attempt to enter further orders addressing a party's Rule 60.02 motion is a nullity. *See Moore v. Teddleton*, [No. W2005-02746-COA-R3-CV,] 2006 WL 3199273, at *4 [(Tenn. Ct. App. Nov. 7, 2006)].

*Born Again Church*, 266 S.W.3d at 425.

Treating Appellant's May 22, 2025 motion as a Rule 60.02 motion does not save his appeal. Because the trial court's order purporting to deny Rule 60 relief was rendered on June 13, 2025, at a time when the trial court lacked subject-matter jurisdiction over the case, the order is void ab initio and has no bearing on the running of the 30-day time period for the filing of Appellant's notice of appeal.

Therefore, whether we construe Appellant's May 22, 2025 motion as a Rule 59.04 or a Rule 60.02 motion, the trial court's final order, and the order by which the 30-day time period was triggered, is the April 29, 2025 order denying Appellant's first Rule 59.04 motion, and Appellant had until May 29, 2025, to file his notice of appeal. Accordingly, Appellant's June 9, 2025 notice of appeal was untimely, and this Court has no subject-matter jurisdiction over the appeal.

## III. CONCLUSION

For the foregoing reasons, the appeal is dismissed. Costs of the appeal are assessed against the Appellant, Patrick Michael Wallen. Execution for costs may issue if necessary.

s/ Steven Maroney
STEVEN W. MARONEY, JUDGE